**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| ANN ORA FISCHGRABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:25-CV-03103-DGK-SSA |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Ann Ora Fischgrabe's applications for disability insurance benefits ("DIBs") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had several severe impairments, including major depressive disorder, generalized anxiety disorder, obsessive compulsive disorder, and posttraumatic stress disorder. But the ALJ found that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with certain non-exertional limitations, including work as an animal caretaker, pet sitter, house cleaner, cleaner, hand packager, and dry cleaning or laundry worker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for DIBs and SSI in September 2022, alleging a disability onset date of approximately the same time. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed to an ALJ. After holding a hearing, the ALJ found Plaintiff was not disabled. The Appeals Council denied Plaintiff's review request on February 28, 2025, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Here, Plaintiff challenges the ALJ's assessment at Step Four. Plaintiff argues that the ALJ erred by finding the mental functional limitations opinion of Nurse Practitioner Sandy Homs "generally persuasive" but then not adopting all the limitations set forth in that part of the opinion. Defendant argues that the ALJ was not required to adopt all those limitations, and the ALJ's decision not to do so was supported by substantial evidence.

Defendant is correct. As an initial matter, Plaintiff's argument turns the medical opinion law on its head. Her entire argument myopically focuses on a narrow portion of a single medical opinion to suggest that there exists reversible error here. But the Eighth Circuit has been clear that "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). In fact, "the ALJ is free to accept some, but not all of a medical opinion." *Austin v. Kijakazi*, 52 F.4th 723, 729 (8th Cir. 2022). And from that it naturally follows that the ALJ is not even "required to adopt the exact limitations set forth in the opinions [he] found persuasive." *Wyatt v. Kijakazi*, No. 23-1559, 2023 WL 6629761, at *1 (8th

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Cir. Oct. 12, 2023). This law has led the Court and other courts to routinely find that failure to adopt all limitations in an opinion that an ALJ found persuasive is not reversible error "so long as substantial evidence supports the ultimate RFC assessment." *Smith v. O'Malley*, No. 3:23-CV-05078-DGK, 2024 WL 2863251, at *2 (W.D. Mo. June 6, 2024); *see Hickert v. O'Malley*, No. 4:23-CV-00500-DGK, 2024 WL 3338577, at *2 (W.D. Mo. July 9, 2024) (same); *see also Rockefeller v. Soc. Sec. Admin.*, No. 4:24-00692-CV-W-BP, 2025 WL 3158614, at *2 (W.D. Mo. Nov. 12, 2025) (same); *Jones v. Kijakazi*, No. 4:21-00608-CV-W-BP-SSA, 2022 WL 1421956, at *2 (W.D. Mo. May 5, 2022) (same). And in making that determination, the Court must look to the "record as a whole." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013); *see Bereckis v. Dudek*, No. 1:24-CV-42 HEA, 2025 WL 931962, at *8 (E.D. Mo. Mar. 26, 2025).

Here, the record as a whole supports the ALJ's decision not to fully adopt all the limitations from an opinion that he found "generally persuasive." The ALJ wrote a nearly thirteen-page, single-spaced opinion that was both thorough and well-supported. In his RFC assessment, the ALJ thoroughly analyzed Plaintiff's allegations, the objective medical evidence, her activities of daily living, her recent work history, and all the medical opinions. R. at 19–23. For example, the ALJ repeatedly noted that Plaintiff's mental-status examinations from various visits demonstrated that she was alert and oriented, calm, socially appropriate, cooperative, engaged, and social. *See* R. at 21, 874, 882, 900–01, 936, 943, 1013–14, 1016–19, 1141, 1217–18, 1232, 1241. She also exhibited linear and goal-directed thought processes, good attention and concentration, good judgment, good insight, intact memory, and an appropriate functioning status. *See generally id*. Moreover, her mental impairments demonstrated improvement with medication at times. R. at 21, 111, 1140, 1231; *see also Buford v. Colvin*, 824 F.3d 793, 797 (8th Cir. 2016) (impairments that can be treated by medication are not disabling).

4

Her activities of daily living and part-time work also undercut her claims of disabling limitations. She pays bills, shops, spends time with others in person, walks on trails outdoors, texts others, reads books, makes her own meals, designs floor plans, and makes other drawings. R. at 19, 21, 282–84, 306–08, 1034. And during the alleged disability period, she also worked 20–24 hours a week at a doggie day care. R. at 21–23, 41–42.

After analyzing all this evidence, the ALJ ultimately concluded that although Plaintiff required certain additional limitations in her ability to concentrate and to interact with people, she was not as limited as Plaintiff alleged or Nurse Practitioner Homs opined. That conclusion is supported by all the substantial evidence cited above. Thus, the ALJ did not err in failing to adopt all the exact limitations proposed by Nurse Practitioner Homs.

### Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: <u>July 7, 2026</u>    <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT

5